UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jose L. Linares |
| | : | Crim. No. 09-307 (JLL) |
| v. | : | |
| | : | CONSENT ORDER |
| MIRSAD KOLASINAC | : | |
| | : | |

This matter having come before the Court on the joint application of Paul J. Fishman, United States Attorney for the District of New Jersey (by David E. Malagold, Assistant U.S. Attorney), and defendant Mirsad Kolasinac (by Michael Robbins, Esq.) for an amended judgement in the above-captioned matter:

IT IS THE FINDING OF THIS COURT that an amended judgment pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure will be issued changing defendant's sentence from 324 months to 262 months for the following reasons:

    i. On July 19, 2011, this Court held a sentencing hearing in this matter. Relevant to this order, defendant objected to two guidelines enhancements.

    ii. First, defendant objected to the 2-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(2)(A). The Court overruled the objection because the defendant caused a controlled substance to be imported under circumstances in which an aircraft other than a regularly scheduled commercial air carrier was used to import the controlled

      substance. Further, the Court found that defendant had actual knowledge that a non-commercial flight would be used to import a controlled substance, and that this was certainly foreseeable.

iii. Second, defendant objected to the two point enhancement pursuant to U.S.S.G. § 2D1.1(b)(4). The Court overruled the objection because the offense clearly involved the importation of methamphetamine and the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role);

iv. Neither party brought to the Court's attention Application Note 18 to § 2D1.1 which provides that "If the offense involved importation of amphetamine or methamphetamine, an adjustment from subsection (b)(2) applies, do not apply subsection (b)(4)."

v. Pursuant to Application Note 18, the two point enhancement pursuant to § 2D1.1(b)(4) should not have been applied to defendant.

vi. Accordingly, pursuant to the other rulings issued by this Court at the sentencing hearing, defendant's Total Offense Level should have been 39 rather than 41. Defendant's advisory Guidelines Range should have been 262-327 months

        rather than 324-405 months.

vii. Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, the Court will correct the clear error in this case and sentence defendant based on an advisory Guidelines Range of 262-327 months.

viii. Had the Government realized that the correct range was 262-327 months, the Government would not have opposed a sentence of 262 months;

ix. Pursuant to Rule 43(a)(4) of the Federal Rules of Criminal Procedure, defendant's presence is not required at a proceeding that involves the correction or reduction of a sentence under Rule 35. Defendant, having discussed the matter with his attorney, consents to the Court issuing an amended judgment in this matter and waives his presence;

x. The Court will issue an amended judgment sentencing defendant to 262 months' imprisonment. All other terms of the sentence announced on July 19, 2011 will remain the same;

xi. Both parties reserve any objections that were otherwise reserved at sentencing

_____
HON. JOSE L. LINARES
United States District Judge

Dated: July 28, 2011

Consented to by:

_____
MICHAEL ROBBINS, ESQ.
Counsel for defendant Mirsad Kolasinac


_____
MIRSAD KOLASINAC


_____
DAVID E. MALAGOLD
Assistant U.S. Attorney